UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT PRICE MCCOWAN,<br>  Plaintiff,<br>  v.<br>RICHARD SEEBORG, et al.,<br>  Defendants. | Case No. 15-cv-04197-HSG (PR)<br><br>**ORDER OF DISMISSAL WITH PARTIAL LEAVE TO AMEND** |

Plaintiff, an inmate at Salinas Valley State Prison ("SVSP"), filed this *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis ("IFP") in a separate order. For the reasons stated below, the complaint is dismissed with partial leave to amend.

### BACKGROUND

Plaintiff's claims are difficult to understand but he appears to allege that United States District Judge Richard Seeborg has impeded plaintiff's access to the courts by dismissing an earlier action brought by plaintiff, No. C 15-3419 RS. A review of the earlier action shows that it was filed on July 24, 2015, and that same day, the Clerk notified plaintiff that he had not filed a complaint or an IFP application. The notices warned plaintiff that he must file the required documents within twenty-eight days or his action would be dismissed. The action was dismissed on September 1, 2015 based on plaintiff's failure to file an IFP application and complaint.

In this action, plaintiff alleges that he did not receive the Clerk's notices regarding the inadequacies in his filings in No. C 15-3419 RS until August 27, 2015. Plaintiff appears to allege that this delay was attributable to the omission of his prisoner identification number on his mailing

1   address, which caused the notices to be returned to the Court and later re-sent to plaintiff.  In

2   addition to Judge Seeborg, plaintiff names the former Clerk of the Court of the Northern District,

3   Richard Wieking, and Deputy Clerk Corinne Lew as defendants.  Finally, plaintiff names an

4   "Officer Cardona" as a defendant but fails to identify who this defendant is and provides no facts

5   whatsoever linking this defendant to plaintiff's allegations of wrongdoing.

## DISCUSSION

### A.   Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face."  *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

    **1.     Access to Courts Claim**

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). In *Sands v. Lewis*, 886 F.2d 1166 (1989), the Ninth Circuit divided such cases into two categories: (1) those which assert inadequate law libraries or alternative sources of legal knowledge sufficient to prepare a suit, and (2) all others. *Id.* at 1171. As to the second category, the court required proof of "actual injury" to state a claim. *Id.* The court did not require actual injury for the first category, id., but that part of the holding was overruled by *Lewis v. Casey*, 518 U.S. 343, 350-55 (1996). In short, whether a prisoner's claim is that a prison law library is inadequate or is that official action somehow blocked his access to the court, he or she must allege "actual injury."

"Actual injury" is defined as the prisoner being hindered in his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *Id.* at 354-55. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* The right of access to the court is limited to the initiation of a court action. The state is not required to enable the prisoner to discover grievances or to litigate effectively once in court. *Id.* at 354.

Plaintiff does not allege actual injury under this standard. Moreover, it appears from a review of the docket in his earlier action that he cannot. Specifically, C 15-3419 RS was dismissed without prejudice to plaintiff moving to re-open the action after properly completing a complaint on a court-approved form and completing an IFP application. Plaintiff filed the required documents in C 15-3419 RS on September 8, 2015, and they are awaiting initial review before Judge Seeborg. Thus there is no indication that plaintiff's ability to litigate that action has been compromised. For this reason, as well as those discussed below, the case will be dismissed without leave to amend as to defendants Seeborg, Wieking, and Lew.

    **2.     Immunity**

Further, federal judges and federal clerks of court are immune from the claims alleged here. *Mullis v. United States Bankruptcy Court*, 828 F.3d 1385, 1391-93 (9th Cir. 1987)

1  (discussing distinction between *Bivens* actions against judges and clerks acting under color of
2  federal law and Section 1983 actions against judges and clerks acting under color of state law;
3  holding that federal judges and clerks of court are immune from both damages claims and
4  injunctive relief claims). Given defendants' immunity, no amendment could remedy this
5  deficiency. For this additional reason the case will be dismissed without leave to amend as to
6  defendants Seeborg, Wieking, and Lew.

### 3. Injury

As discussed above, plaintiff has suffered no injury. To extent he claims any injury other than to the progress of his earlier case, it is psychological. The Prisoner Litigation Reform Act ("PLRA") provides that prisoners may recover for mental or emotional injuries suffered while incarcerated only if they first show that they suffered a physical injury. *See* 42 U.S.C. § 1997e(e). Plaintiff has not alleged a physical injury, and it is clear from the nature of the claims that he could not. For this additional reason the case will be dismissed without leave to amend as to defendants Seeborg, Wieking, and Lew.

### 4. Defendant Cardona

As discussed above, plaintiff alleges no facts linking defendant Cardona to his claims. Leave to amend will be granted so that plaintiff may attempt to remedy this deficiency, if he can do so in good faith. In his amended complaint, plaintiff must "set forth specific facts" regarding what defendant Cardona did, or did not do, that violated his federal constitutional rights. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). Sweeping conclusory allegations will not suffice.

## CONCLUSION

For the reasons stated above, the Court orders as follows:

1. The claims against defendants Seeborg, Wieking, and Lew are DISMISSED without leave to amend. The Clerk shall terminate these defendants from the docket in this action.

2. If plaintiff believes he can allege a claim against defendant Cardona in good faith, plaintiff must file an AMENDED COMPLAINT within **twenty-eight (28) days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 15-4197 HSG (PR)) and the words AMENDED COMPLAINT on the first page.

Plaintiff may not incorporate material from the prior complaint by reference.  **Failure to file the amended complaint by the deadline will result in the dismissal of the action.**  The Clerk of the Court is directed to send plaintiff a blank civil rights form along with his copy of this order.  Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."  *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

3. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated:   12/14/2015

HAYWOOD S. GILLIAM, JR.
United States District Judge