UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINCENT PRICE MCCOWAN,

    Plaintiff,

  v.

CARDONA, et al.,

    Defendants.

Case No. 15-cv-04197-HSG

**ORDER OF DISMISSAL**

Plaintiff, a California prisoner incarcerated at Salinas Valley State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His amended complaint is now before the Court for review under 28 U.S.C. § 1915A. For the reasons set forth below, this action is DISMISSED without prejudice.

## DISCUSSION

**A. Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations and internal

2  quotations omitted). Although in order to state a claim a complaint "does not need detailed factual

3  allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief'

4  requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of

5  action will not do. . . . Factual allegations must be enough to raise a right to relief above the

6  speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

7  A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.*

8  at 570.

9        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

10  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

11  the alleged violation was committed by a person acting under the color of state law. *See West v.*

12  *Atkins*, 487 U.S. 42, 48 (1988).

13  **B.**    **Procedural History**

14        In his initial complaint, Plaintiff named as defendants Judge Seeborg; Richard Wieking,

15  the former Clerk of the Court of the Northern District of California; Deputy Clerk Corinne Lew;

16  and Officer Cardona. On December 14, 2015, the Court dismissed defendants Seeborg, Wieking,

17  and Lew from this action without leave to amend for failure to state a claim and because these

18  defendants are immune from Plaintiff's claims. Docket No. 12 at 3–4. The Court granted Plaintiff

19  leave to amend his claims against defendant Cardona. *Id.* at 4. Plaintiff was instructed that in his

20  amended complaint, he must set forth specific facts regarding what Cardona did, or did not do,

21  that violated his constitutional rights. *Id.*

22  **C.**    **Amended Complaint**

23        Plaintiff again names as defendants Judge Richard Seeborg; former Clerk of the Court

24  Richard Wieking; Deputy Clerk Corinne Lew; and Officer Cardona. He also adds Officer B.

25  Avina as a defendant. Docket No. 14 ("Am. Compl.") at 2.

26        The amended complaint consists of the following:

27        (1) the complaint form with a short statement of claim that discusses the Clerk's letter,

28  filed on September 15, 2015 in the instant action, that was sent to Plaintiff and informed him that

United States District Court
Northern District of California

1  his *in forma pauperis* application was incomplete; a copy of the Clerk's letter; and a copy of the

2  consent to magistrate judge jurisdiction form that was filed in this case, Am. Compl. at 3–5;

3        (2) a CDCR Form 602 prison grievance submitted by Plaintiff on November 8, 2015

4  wherein Plaintiff complains about a urine test administered by Officer Avina on November 5,

5  2015, arguing that urine tests should be limited to inmates who are known to be using drugs or

6  consuming alcohol; and wherein Plaintiff complains that, on that same day, Officer Ramirez

7  prevent Plaintiff from complaining to the lieutenant in charge about the urine test, Am. Compl. at

8  6–7; and

9        (3) a document titled "Petitioner's motion and compelling discovery evidence AG Judge

10  Seeborg. 1) Request, (sic) Settle out of Court," Am. Compl. at 9–10.

11        Plaintiff's amended complaint does not comply with the requirements of Federal Rule of

12  Civil Procedure 8(a)(2). Rule 8 requires "a short and plain statement of the claim showing that the

13  pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, in the body of his amended

14  complaint, Plaintiff should state what each defendant did, or did not do, that violated his

15  constitutional rights. Plaintiff may not attach exhibits to the amended complaint in lieu of making

16  a statement as to why he is entitled to relief.

17        Here, in the body of Plaintiff's amended complaint, Plaintiff does not reference any of the

18  named defendants. Rather, he complains about the September 2, 2105 letter, sent to him by Clerk

19  Susan Y. Soong and filed in the instant action, that notified him that his *in forma pauperis*

20  application was incomplete. Am. Compl. at 3. His amended complaint fails to address the

21  deficiencies identified in the Court's December 14, 2015 Order of Dismissal with Leave to

22  Amend.[1] Accordingly, this action is DISMISSED without prejudice for failure to file an

---

[1] The exhibits attached to the amended complaint also fail to address the deficiencies identified in the Court's December 14, 2015 Order of Dismissal with Leave to Amend.
    The grievance attached to the amended complaint indicates that Plaintiff believes that defendant Avaina violated his constitutional rights by conducting a urine test on November 5, 2015. This incident took place six weeks after this action was filed on September 15, 2015. Plaintiff's allegations regarding defendant Avina are unrelated to the issues in the original complaint, and unrelated to his allegations against the other named defendants.
    Petitioner's motion compelling discovery evidence and requesting an out-of-court settlement alleges that Judge Seeborg's orders in *McCowan v. Hendrick*, C No. 13-00407 RS violated Plaintiff's civil rights. As the Court explained in its prior order, a federal judge is

appropriate response to the Court's December 14, 2015, Order of Dismissal with Leave to Amend.

Because this dismissal is without prejudice, Plaintiff may move to reopen the action. Any such motion must contain a second amended complaint containing clear, detailed allegations concerning what defendant Cardona did, or did not do, that violated Plaintiff's constitutional rights. The amended complaint may not raise unrelated claims. Plaintiff is reminded that defendants Seeborg, Wieking, and Lew have been dismissed from this action without leave to amend, and may not be included in any amended complaint.

**IT IS SO ORDERED.**

Dated: 4/29/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

absolutely immune from civil liability for acts performed in his judicial capacity. *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996) *superseded by statute on other grounds as discussed in Meinhold v. Sprint Spectrum, L.P.*, 2007 WL 1456141, at *5 (E.D. Cal. May 16, 2007); *Mullis v. U.S. Bankruptcy Ct.*, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under *Bivens*). This judicial immunity includes immunity from damages, and from actions for declaratory, injunctive and other equitable relief. Accordingly, Plaintiff's allegations regarding Judge Seeborg fail to state a claim.

4